UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| RICHARD FISHER, | ) |
| Plaintiff, | ) |
| v. | ) No. 3:24-CV-300-KAC-JEM |
| TERASA MAE, and BRITISH GOVERNMENT, | ) |
| Defendants. | ) |

## ORDER AND REPORT AND RECOMMENDATION

This case is before the undersigned pursuant to 28 U.S.C. § 636(b) and the Rules of this Court on Plaintiff's Complaint [Doc. 1] and Plaintiff's Application to Proceed In Forma Pauperis With Supporting Documentation ("Application") [Doc. 2]. For the reasons more fully stated below, the Court **GRANTS** his Application [**Doc. 2**], and the Court will therefore allow Plaintiff to file his Complaint without the payment of costs. The Court **RECOMMENDS** that the District Judge **DISMISS** the Complaint [**Doc. 1**].

### I. DETERMINATION ABOUT THE FILING FEE

Plaintiff has filed an Application [Doc. 2] with the required detailing of his financial condition. Section 1915 allows a litigant to commence a civil or criminal action in federal court without paying the administrative costs of the lawsuit. *Denton v. Hernandez*, 504 U.S. 25, 27 (1992). The Court's review of an application to proceed without paying the administrative costs of the lawsuit is normally based solely on the affidavit of indigence. *See Gibson v. R.G. Smith Co.*, 915 F.2d 260, 262–63 (6th Cir. 1990) (observing that "the filing of a complaint is conditioned solely upon a person's demonstration of poverty in his affidavit and the question of frivolousness is taken up thereafter"). To proceed without paying the administrative costs, the plaintiff must

show by affidavit the inability to pay court fees and costs—it is a threshold requirement. 28 U.S.C. § 1915(a)(1). One need not be absolutely destitute, however, to enjoy the benefit of proceeding in the manner of a pauper, or in forma pauperis. *Adkins v. E. I. DuPont de Nemours & Co., Inc.*, 335 U.S. 331, 342 (1948). An affidavit to proceed without paying the administrative costs is sufficient if it states that the plaintiff cannot, because of poverty, afford to pay for the costs of litigation and still pay for the necessities of life. *Id*. at 339.

The Court finds the Application is sufficient to demonstrate that Plaintiff has no income and few assets. Considering Plaintiff's Application, it appears to the Court that his economic status is such that he cannot afford to pay for the costs of litigation and still pay for the necessities of life. The Court will allow Plaintiff to proceed in the manner of a pauper. The Court **DIRECTS** the Clerk to file the Complaint in this case without payment of costs or fees. The Clerk **SHALL NOT**, however, issue process at this time.

## II.     RECOMMENDATION AFTER SCREENING OF THE COMPLAINT

Under the Prisoner Litigation Reform Act,[1] district courts must screen prisoner complaints and shall, at any time, *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. 28 U.S.C. § 1915(e)(2)(B); *Benson v. O'Brian*, 179 F.3d 1014, 1015–16 (6th Cir. 1999). The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule

---

[1] Despite the reference to prisoners, 28 U.S.C. § 1915 requires the Court to screen complaints filed by non-prisoners seeking in forma pauperis status. *McGore v. Wrigglesworth*, 114 F. 3d 601, 608 (6th Cir. 1997) ("Unlike prisoner cases, complaints by non-prisoners are not subject to screening process required by § 1915A. However, the district court must still screen the complaint under § 1915(e)(2)."), *overruled on other grounds*, *Jones v. Brock*, 549 U.S. 199 (2007).

12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Courts liberally construe pro se pleadings filed in civil rights cases and hold them to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

### A. Summary of the Complaint

Plaintiff alleges that Terasa Mae with the British Government raped, tortured, and murdered his wife [Doc. 1 p. 2; *see also* Doc. 2 p. 8].[2] Defendant Mae left the wife's "body to be found by [P]laintiff with the intent to cause psycho[]logical damage and to coerce . . . Plaintiff" [Doc. 1 p. 2]. Plaintiff seeks $170 million in damages [*Id*. at 3].

### B. Screening of the Complaint

Plaintiff does not allege that the Court has jurisdiction, nor does he identify any legal authority for which he may be entitled to relief. *See* Fed. R. Civ. P. 8(a) (explaining that the complaint must allege jurisdiction and a statement that plaintiff is entitled to relief). Setting those deficiencies aside, the Court finds that the Complaint is factually frivolous. "A complaint 'is frivolous when it lacks an arguable basis either in fact or in law." *Abner v. SBC Ameritech*, 86 F. App'x 958, 958 (6th Cir. 2004) (quoting *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)). A complaint that contains "fantastic or delusional scenarios" does not have an "an arguable or rational basis in fact[.]" *Id*. (quoting *Netizke*, 490 U.S. at 327–28). "The Court need not accept as true factual allegations that are 'fantastic or delusional' when reviewing a complaint." *Stone v.*

---

[2] Considering Plaintiff's allegations, the Court questions whether Plaintiff's reference to "Terasa Mae" may be a reference to "Theresa May," the former Prime Minister for the United Kingdom.

3

*Chambers-Smith*, No. 2:23-CV-424, 2023 WL 5835850, at *1 (S.D. Ohio Aug. 4, 2023) (citation omitted), *report and recommendation adopted*, No. 2:23-CV-424, 2023 WL 5833103 (S.D. Ohio Sept. 8, 2023). When a complaint contains "fantastic or delusional scenarios[,]" dismissal is appropriate. *Marshall v. Stengel*, No. 3:10CV-159, 2010 WL 1930172, at *2, 3 (W.D. Ky. May 12, 2010) (citation omitted) (dismissing the plaintiff's complaint during the screening process finding that it was "comprised of precisely the type of 'fantastic,' 'delusional,' and 'incredible' allegations that warrant dismissal as factually frivolous").

Here, the Complaint is comprised of precisely the type of fantastic, delusional, and incredible allegations that warrant dismissal, and the Court is not required to credit such allegations. The Court has considered whether to allow Plaintiff to amend the Complaint but does not find an amendment will cure the deficiency.

## III. CONCLUSION

For the reasons explained above, the undersigned **GRANTS** Plaintiff's Application to Proceed in Forma Pauperis with Supporting Documentation [**Doc. 2**][3] and **RECOMMENDS**[4] that

---

[3] This matter is to be presented to the District Judge pursuant to this Report and Recommendation under the authority of *Gibson v. R.G. Smith Co.*, 915 F.2d 260, 263 (6th Cir. 1990), wherein the Court of Appeals states that such matters proceed automatically to a district judge for examination of the complaint after a magistrate judge has granted the petition to proceed without prepayment of costs.

[4] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Federal Rule of Civil Procedure 72(b). Failure to file objections within the time specified waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 153–54 (1985). "[T]he district court need not provide *de novo* review where objections [to the Report and Recommendation] are '[f]rivolous, conclusive or general.'" *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (quoting *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982)). Only specific objections are reserved for appellate review. *Smith v. Detroit Fed. of Tchrs.*, 829 F.2d 1370, 1373 (6th Cir. 1987).

the District Judge **DISMISS** Plaintiff's Complaint [**Doc. 1**].

Respectfully submitted,

_____
Jill E. McCook
United States Magistrate Judge